UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY LAVERN SPENCER,

           Petitioner,

v.                             Case No. 3:12-cv-34-J-34PDB

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

           Respondents.

_____

**ORDER**

**I. Status**

    Petitioner Randy Lavern Spencer, an inmate of the Florida penal system, initiated this action on January 11, 2012, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Spencer challenges a March 10, 2010 arrest in Columbia County, Florida. Respondents have submitted a memorandum in opposition to the Petition. See Motion to Dismiss Habeas Petition (Response; Doc. 9) with exhibits (Resp. Ex.). On April 20, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 7), admonishing Spencer regarding his obligations and giving Spencer a time frame in which to submit a reply. Spencer submitted a brief in reply. See Petitioner's Reply (Reply; Doc. 10) with exhibits (Pet. Ex.). This case is ripe for review.

## II. Procedural History

On March 10, 2010, Columbia County, Florida, law enforcement officers arrested Spencer for violation of probation (conditional release), possession of a firearm by a convicted felon, possession of oxycontin, possession of drug paraphernalia, and possession of cocaine.[1] Resp. Ex. C at 18-19, Arrest Affidavit; Pet. Ex. A at 2-3. On March 12, 2010, the Florida Department of Corrections filed a violation report and recommended the following:

> Spencer continues to surround himself with drugs and firearms. He has now been charged with new felony offenses of Possession of Firearm by Convicted Felon, Possession of Oxycontin, Possession of Cocaine and Possession of Drug Paraphernalia. It is recommended that his conditional release be revoked and that he be returned to the Department of Corrections to complete his original sentence.

Pet. Ex. C at 4, State of Florida Department of Corrections Violation Report Warrantless Arrest.

On March 17, 2010, in Case No. 10-173-CF-(A), the State of Florida charged Spencer with possession of a firearm by a convicted felon (count one), possession of a controlled substance, cocaine (count two), possession of a controlled substance, oxycontin (count three), and possession of drug paraphernalia (count four). Resp. Ex. D, Information. Following a hearing which began on January 24,

---

[1] Spencer was released from prison on September 1, 2009, on conditional release supervision, after serving a term of incarceration for a 1992 second degree murder conviction and other felonies. Resp. Ex. A; Pet. Ex. C at 3.

2

2011, and continued on March 1, 2011, the court granted Spencer's motion to suppress on March 31, 2011, as to the items seized in the kitchen area of the residence searched (a piece of crack cocaine, plastic baggies, a spoon, syringes and a pipe smoking device) and denied his motion to suppress as to the items seized from the child's bedroom (the gun, magazine, holster, and an Oxycontin pill). See Resp. Ex. F; Pet. Ex. E, Order Granting in Part and Denying in Part Defendant's Motion to Suppress.

On April 20, 2010, Spencer appealed the trial court's determination that there existed probable cause for his arrest. See Reply at 2, 4. The appellate court dismissed the appeal for lack of jurisdiction on September 1, 2010, and later denied his motion for rehearing on October 14, 2010. See Spencer v. State, Florida First District Court of Appeal Docket, Case No. 1D10-2020. On January 12, 2011, the appellate court denied Spencer's petition for writ of habeas corpus on the merits. Spencer v. State, 51 So.3d 1158 (Fla. 1st DCA 2011).

Spencer filed a petition for writ of prohibition in the First District Court of Appeal on April 20, 2011, seeking to prevent the admission of incriminating evidence at trial. Pet. Ex. G. On April 28, 2011, the State of Florida decided not to prosecute the new criminal charges and filed a formal nolle prosequi on all four counts. Resp. Ex. G; Pet. Ex. F, Notice of Nolle Prosequi (Notice). The Notice states in pertinent part:

> The above-entitled cause has been investigated by the Office of the State Attorney, and it appears that justice would best be served by the entry of a Nolle Prosequi. The state therefore declined to prosecute that above cause for the following reason(s):
>
> Although there is enough probable cause for the arrest of the defendant on the above captioned charges, the crimes alleged cannot be proven beyond a reasonable doubt. Regarding counts 2 and 4 of the Information, the evidence to prove these charges (the contraband located in the kitchen) was suppressed based on case law presented to the court. Counts 1 and 3 of the Information (the firearm and Oxycontin located in the child's bedroom) are also nolle prosequi due to the fact that DNA evidence located in the firearm did not match the defendant's DNA. In addition, testimony taken under oath in court from defense witnesses during the motion to suppress evidence [hearing] presented a reasonable hypothesis of innocence for the alleged possession of the oxycontin pill which the State cannot refute by clear and convincing evidence.
>
> If the above-named defendant(s) is in custody, the Sheriff of Columbia County is hereby authorized to release the above-named defendant(s) on the charge(s) of: 1. Possession of Firearm by Convicted Felon, 2. Possession of Controlled Substance - Cocaine, 3. Possession of Controlled Substance - Oxycontin, [4.] Possession of Drug Paraphernalia.

Id. (selected capitalization omitted). The appellate court denied the petition for writ of prohibition on May 19, 2011, and later denied Spencer's motion for rehearing on June 28, 2011. Spencer v. State, 64 So.3d 680 (Fla. 1st DCA 2011). On October 10, 2011, the appellate court also denied Spencer's petition for writ of

certiorari, and later denied Spencer's motion for rehearing on December 6, 2011. Spencer v. State, 75 So.3d 726 (Fla. 1st DCA 2011); Pet. Ex. H.

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### IV. Findings of Fact and Conclusions of Law

Spencer asserts that: the trial court's March 11, 2010 finding that probable cause existed for the warrantless arrest based upon the arresting officer's affidavit violated Spencer's due process rights (ground one), see Pet. Ex. B, First Appearance Order; the trial judge overruled the First Appearance Order when he partially granted Spencer's motion to suppress (ground two), see Pet. Exs. B;

5

E; the State violated Spencer's due process rights when he was detained on the charges (ground three), see Pet. Ex. A; the "application of 'vicarious assertion of probable cause' as [an] exception to warrant violates [the] Due Process Clause" (ground four); the "application of 'metaphysical subtlety' [(the child's bedroom inside of the home containing the child's effects)] as [an] exception to warrant violates [the] Due Process Clause" (ground five); and the "application of 'recapture provision' as [an] exception to warrant violates [the] Due Process Clause" (ground six). Petition at 5-15. Notably, Spencer was neither tried nor convicted of the charges arising from the March 10, 2010 arrest that he challenges in the Petition. Indeed, as previously stated, the State filed a notice of nolle prosequi with respect to the four charges in Columbia County, Florida, Case No. 10-173, that resulted from the March 10, 2010 arrest.

Despite the nolle prosequi, in the Petition, Spencer challenges his March 10, 2010 arrest. While a case or controversy may exist as to Spencer's re-incarceration for the violation of his conditional release supervision, he does not challenge the revocation of his conditional release. No remaining case or controversy exists as to his March 10, 2010 arrest and the charges that the State dismissed. Given that Spencer is only challenging his March 10, 2010 arrest, his claims, as stated in the Petition, are moot since there is no relief that this Court can grant to him.

Therefore, the Petition is due to be dismissed. See Response at 4; Notice to Court (Doc. 12).

## V. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Spencer seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Spencer "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

7

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Spencer appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2014.

MARCIA MORALES HOWARD
United States District Judge

```
sc 11/20
c:
Randy Lavern Spencer
Ass't Attorney General (Hill)
```